# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: DAVID N. FISHER,<br><br>Debtor. | |
| DAVID C. WEST, Chapter 7 Bankruptcy Trustee,<br><br>Plaintiff,<br><br>v.<br><br>HIGH DESERT, LLC, DEL K. BARTEL, and DALE THURGOOD,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING COUNTERCLAIMANTS' RULE 60(B) MOTION TO SET ASIDE DISMISSAL OF COUNTERCLAIM**<br><br>Case No. 2:15-cv-858-JNP<br><br>Judge Jill N. Parrish |
| DEL K. BARTEL and DALE THURGOOD,<br><br>Counterclaimants,<br><br>v.<br><br>DAVID C. WEST, GARY JUBBER, SHELDON SMITH, and JOHN DOES 1-5,<br><br>Counterclaim Defendants. | |

Before the court is Counterclaimants Del K. Bartel's and Dale Thurgood's Rule 60(b) Motion to Set Aside the Order of Dismissal of Counterclaim (Docket 3). Pursuant to DUCivR 7-1(f), the court determined that oral argument would not be helpful or necessary to resolve the Counterclaimants' motion. After careful consideration of the record, the relevant law, and the parties' memoranda, the court DENIES Counterclaimants' Rule 60(b) Motion to Set Aside the Order of Dismissal of Counterclaim.

1

**BACKGROUND**

On December 4, 2015, Bankruptcy Judge William T. Thurman filed a Report and Recommendation on Counterclaim Defendants' Motion to Dismiss Counterclaim (Docket 1). Judge Thurman recommended that this court dismiss the counterclaims for lack of jurisdiction under the *Barton* doctrine because the Counterclaimants did not request leave from the court to pursue their counterclaims against the trustee. Counterclaimants did not object to Judge Thurman's Report and Recommendation.

The court adopted Judge Thurman's Report and Recommendation on February 4, 2016 (Docket 2). The court's decision was carefully made after the court's *de novo* review of the record, the relevant legal authorities, and Judge Thurman's Report and Recommendation.

On February 20, 2016, the Counterclaimants filed a Rule 60(b) Motion to Set Aside the Order of Dismissal of Counterclaim (Docket 3). In their motion, Counterclaimants argue that the court should set aside its order adopting Judge Thurman's Report and Recommendation for the following reasons: (1) the setting aside of the judgment is justified under Federal Rule of Civil Procedure 60(b), (2) Counterclaimants did not receive notice of the court's review of the Report and Recommendation, (3) this court should have conducted a trial *de novo*, (4) this court ignored the Counterclaimants' legal arguments concerning their counterclaims, (5) the Trustee's motion to dismiss for lack of jurisdiction was not on point, and (6) the Bankruptcy Court ignored Counterclaimants' pending motion for partial summary judgment.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment or order in the event of "mistake, inadvertence, surprise, excusable neglect, . . . [or] any other reason justifying relief." Relief under Rule 60(b) is "extraordinary and may only be granted in

exceptional circumstances." *Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1241 (10th Cir. 2010) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005)). "A Rule 60(b) motion is not intended to be a substitute for a direct appeal." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Thus, "[a] plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003). A district court's decision under Rule 60(b) is evaluated under an abuse of discretion standard. *Id.*

Because Counterclaimants are acting pro se, the court construes their pleadings liberally and applies a "less stringent standard than formal pleadings drafted by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)); *see also Craft v. Global Expertise in Outsourcing*, No. 16-6034, 2016 WL 3866092, at *1 n.1 (10th Cir. July 12, 2016) (noting that a pro se party's filings should be liberally construed in the Rule 60(b) context). Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal authorities, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

**ANALYSIS**

Counterclaimants raise a host of arguments contending that this court should set aside its judgment. First, Counterclaimants claim they did not receive notice of Judge Thurman's Report and Recommendation. In narrow circumstances, Rule 60(b) relief may be granted when "a

3

litigant has, through no fault of his own, failed to receive notice of entry of judgment, and has shown that he has exercised due diligence to ascertain whether the judgment has been entered." *Servants of Paraclete*, 204 F.3d at 1009. But the "Service List" on the Report and Recommendation indicates that notice was sent to the Counterclaimants at the addresses they provided to the bankruptcy court. Further, Counterclaimants fail to present circumstances beyond their control that precluded them from receiving notice of or timely opposing the Report and Recommendation. *See id.* Thus, Counterclaimants' argument that they did not receive notice of Judge Thurman's Report and Recommendation is without merit.

Second, Counterclaimants argue that this court should have conducted a "trial *de novo*." Counterclaimants contend that "[a] *trial de novo* was ordered by the bankruptcy court, but not conducted." But Judge Thurman's Report and Recommendation stated that "the findings of fact and conclusions of law" would be sent to "the District Court for *de novo* review," not a *trial de novo*. A *de novo* review requires the district court to make "an independent determination of the issues, giving no special weight to the bankruptcy court's decision." *In re Expert S. Tulsa, LLC*, 522 B.R. 634, 644 (B.A.P. 10th Cir. 2014). It does not mean the court will conduct a trial on the issues before it. *See id.* Thus, when the court conducted a *de novo* review of Judge Thurman's Report and Recommendation, it conducted an independent review of the record and relevant legal authorities without giving deference to Judge Thurman's decision. And in conducting that review, the court reached the same conclusion as Judge Thurman: neither this court nor the Bankruptcy Court has jurisdiction over the counterclaims under the *Barton* doctrine.

There appears to have been a lack of understanding on the part of Counterclaimants as to the consequences of Judge Thurman's Report and Recommendation. But a mere misunderstanding of the nature of the Report and Recommendation does not meet the requisite

standard to grant Rule 60(b) relief. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445–47 (10th Cir. 1983) (holding defendant's misunderstanding of the law did not meet the standard to grant Rule 60(b) relief).

Finally, Counterclaimants argue that the court should set aside its order because the Trustee's motion to dismiss for lack of jurisdiction was not on point and the Bankruptcy Court ignored Counterclaimants' pending motion for partial summary judgment. Counterclaimants also argue that neither the Bankruptcy Court nor this court addressed their eleven counterclaims. But these arguments are not "the requisite extraordinary circumstances" that constitute grounds for relief under Rule 60(b). *See LaFleur*, 342 F.3d at 1153–54. Furthermore, these arguments go to the heart of Counterclaimants' counterclaims. Yet as noted by both this court and the Bankruptcy Court in its Report and Recommendation, pursuant to the *Barton* doctrine, neither court has jurisdiction to hear those claims. *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012).

The court acknowledges Counterclaimants' frustration that their counterclaims were not addressed by either this court or the Bankruptcy Court. But without jurisdiction, this court is prohibited under the Constitution from hearing those claims. U.S. Const. art. III, § 2, cl. 1; *Satterfield*, 700 F.3d at 1234.

## CONCLUSION

Based on the foregoing reasons, the court DENIES Counterclaimants' Rule 60(b) Motion to Set Aside the Order of Dismissal of Counterclaim for Relief (Docket 3).

DATED this 20th day of July, 2016.

> BY THE COURT:
>
> _____
> Judge Jill N. Parrish
> United States District Court